JOHN F. RONAYNE, Appellee, v. THE HAWKEYE COMMERCIAL MEN'S ASSOCIATION, Appellant.

**Pleadings:** DEMURRER: EFFECT OF AMENDMENT: WAIVER. The filing
1 of an amended and substituted petition in response to a demurrer to the original petition was a waiver of the necessity for any ruling on the demurrer, and defendant could not thereafter excuse his default on the ground that the demurrer was pending when the default was entered.

**Judgments:** DEFAULT: VACATION: DISCRETION. Ordinarily the court
2 will not undertake to settle controversies arising outside of court, and of which no record is made, or to set aside defaults upon a disputed showing of verbal agreements respecting the pleadings. In the instant case there was no abuse of discretion in refusing to set aside the default.

**Same.** The fact that defendant's counsel appeared and moved to set
3 aside the default before the record of the judgment was written up was not material on the question of setting the default aside; as the court could have vacated the judgment at any time during the term upon a proper showing.

**Time for filing pleadings:** COMPUTATION. Where the time agreed upon
4 for filing a pleading expired on Sunday, its filing on the day following was timely, under the statute providing that in computing

time the last day of the period shall be included unless it falls on Sunday, in which event it shall be extended to include the whole of Monday.

*Appeal from Allamakee District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, DECEMBER 13, 1913.

ACTION at law on a certificate of accident insurance. The defendant first appeared and moved for change of place of trial to Marshall county, Iowa. It also demurred to the petition. The motion was overruled on April 1, 1910, and plaintiff given thirty days in which to amend petition. The amended petition was filed May 2, 1910. The next term of court convened August 29, 1910. On the third day of the term default was entered against the defendant for want of answer, and at the same time, or soon thereafter, judgment was entered thereon against defendant for $300 and costs. Seven days later defendant appeared by its attorney and moved to vacate the judgment and set aside the default and permit the filing of an answer. The motion was denied, and defendant appeals.—*Affirmed.*

*Bradford & Johnson* and *Douglass Deremore* for appellant.

*D. J. Murphy* and *W. S. Hart* for appellee.

PER CURIAM.—The defendant's excuse for its default and ground for its motion to reopen the case is, in substance:

I. That when the default was entered there was on file a demurrer to the petition which had not been ruled upon. The record is against appellant on this point. It shows that a demurrer was filed at the appearance term. Counsel for plaintiff then asked time to examine the demurrer, saying that if they found their petition faulty they would amend within thirty days. About the same time counsel for de-

1. PLEADINGS: demurrer: effect of amendment: waiver.

fendant left court and went to his own home in Marshall-town, it being understood that the case would not be tried at that term. Plaintiff did at the end of thirty days file an amended and substituted petition, and this we think had the effect to render the demurrer of no farther moment. No ruling upon it was required.

II. Defendant's counsel makes affidavit that before leaving court at the spring term he had an oral agreement with counsel on the other side by which the latter, in case they

2. JUDGMENTS:
default:
vacation:
discretion.

concluded to amend or substitute their petition, would send a copy to defendant's counsel and give the latter an opportunity to plead thereto; that in fact no such copy was served, and defendant was justified in assuming that plaintiff had elected to stand upon his petition as first filed; and that the demurrer would be taken up and ruled upon before defendant was required to answer. But this statement is denied by plaintiff's counsel, and as a rule the court will not undertake to settle controversies so arising or set aside defaults upon a disputed showing of verbal agreements not made in open court and record thereof preserved. The court should not be asked, and only in exceptional cases will it consent, to sit in judgment upon the comparative veracity of counsel in matters which might easily have been removed from the possibility of doubt by making them of record or reducing them to writing. We see nothing in this case to take it out of the rule. There appears to have been no haste to take advantage of counsel's absence. The default was not taken until the third day of the term. Even upon defendant's theory of the agreement its counsel should have been on hand not later than the second day of the term to look after his case; but for some reason he delayed his coming four days longer. There is a large discretion vested in the trial court in the matter of setting aside defaults, and under the circumstances related we cannot hold that such discretion was abused.

III.   It is next said that, although the default was entered on the third day, the judgment record was not written up until about the time counsel for the defendant appeared. This we think is not a material consideration.

3. Same.

If defendant had made a meritorious showing, the court could, and no doubt would, have sustained its motion just as readily after the formal entry was made as before.   The term was still in progress, and the court had full control over the records.

IV.   Finally it is said the plaintiff himself was in default in not filing his amended petition within the thirty-day limit.   The time given was thirty days.   The last day of the period was Sunday, and the pleading was filed on the next day.   This was in time.   Code, section 48, par. 23.

4. TIME FOR FILING PLEADINGS: computation.

We find no sufficient reason for interfering with the discretion of the trial court, and the ruling and judgment complained of are *Affirmed*.